[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 21-14306

Non-Argument Calendar

_____

NORTON HELTON,

                                                    Petitioner-Appellant,

*versus*

WARDEN,

                                                    Respondent-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Alabama
D.C. Docket No. 2:19-cv-00031-WHA-KFP

_____

Before ROSENBAUM, NEWSOM, and GRANT, Circuit Judges.

PER CURIAM:

Norton Helton, a federal prisoner, appeals the dismissal of his 28 U.S.C. § 2241 habeas corpus petition for lack of jurisdiction.[1] But his arguments are foreclosed by *McCarthan v. Director of Goodwill Industries-Suncoast, Inc.*, 851 F.3d 1076 (11th Cir. 2017) (en banc), and we therefore affirm the dismissal.

Whether a prisoner may bring a § 2241 petition under the saving clause of § 2255(e) is a question of law that we review *de novo*. *Id.* at 1081. "The petitioner bears the burden of establishing that the remedy by motion was inadequate or ineffective to test the legality of his detention." *Id.* (quotation omitted).

Helton's sentencing court denied his first § 2255 motion,[2] and the Seventh Circuit denied a certificate of appealability. Helton then discovered evidence revealing a potential claim under *Napue v. Illinois*, 360 U.S. 264 (1959). He sought permission to file a successive § 2255 motion based on the "new evidence" exception—which requires that the "newly discovered evidence . . . , if proven

---

[1] Helton proceeds *pro se*. Accordingly, his "pleadings are held to a less stringent standard . . . and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).

[2] Section 2255 motions are filed in the sentencing court, which for Helton is the Northern District of Illinois. 28 U.S.C. § 2255(a). Section 2241 petitions are brought in the place of custody. *Id.* § 2241(a).

and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense." 28 U.S.C. § 2255(h)(1). But the Seventh Circuit decided that this standard was not met and denied his application.

Helton then filed a § 2241 petition under the saving clause of 28 U.S.C. § 2255(e). But he cannot circumvent the procedural bar this way. To use § 2241, a prisoner must establish that the remedy provided under § 2255 is inadequate or ineffective to test the legality of his detention. *Id.* § 2255(e). Under our precedent, three circumstances satisfy this standard: (1) when the petitioner challenges the *execution* of his sentence; (2) when the sentencing court is unavailable; or (3) when "practical considerations (such as multiple sentencing courts) might prevent a petitioner from filing a motion to vacate." *McCarthan*, 851 F.3d at 1092–93. Section 2255 is adequate and effective even when a procedural bar prevents review on the merits and forecloses relief. *Id.* at 1089–90.

Helton seeks to recast his "second or successive" procedural bar as a "practical consideration" by emphasizing that claims of trial misconduct are often unknown at the time of the first § 2255 motion. But *McCarthan*'s exception dealt with "practical considerations . . . [which] might prevent . . . *filing a motion to vacate*"—that is, practical considerations about the "available process," not about the likelihood of "substantive relief." *Id.* at 1086, 1093 (emphasis added). This petition does not fall within *McCarthan*'s "practical considerations" exception.

Alternatively, Helton asks us to adopt the Seventh Circuit's newly discovered evidence rule from *In re Davenport*, 147 F.3d 605 (7th Cir. 1998). But in *McCarthan*, we expressly considered *Davenport* and declined to adopt its test. 851 F.3d at 1084–85. And we don't defer to the circuit law of the sentencing court in a § 2241 habeas petition.

Based on a review of the record and the parties' briefs, we conclude that, under our precedent, the district court properly held that a § 2255 motion is not inadequate or ineffective to test the legality of his detention. So Helton does not satisfy the saving clause of § 2255(e), and the district court lacked jurisdiction to consider his § 2241 petition. Accordingly, we affirm.

**AFFIRMED.**